**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CARL BRUN,

    Plaintiff,

v.                                      CASE NO. 19-CV-63015-JIC

HEALTHCARE REVENUE RECOVERY GROUP, LLC, and PARAGON CONTRACTING SERVICES, LLC,

    Defendants.

_____ /

**DEFENDANT PARAGON CONTRACTING SERVICES, LLC'S**
**MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE,**
**MOTION FOR MORE DEFINITE STATEMENT**

Defendant, Paragon Contracting Services, LLC ("Paragon"), by and through its undersigned attorneys and in accordance with Local Rule 7.1 and Rule 12 of the Federal Rules of Civil Procedure, hereby files this, its Motion to Dismiss Complaint (DE 1), or in the alternative, Motion for More Definite Statement, and states as follows:

**INTRODUCTION**

The shotgun style Complaint does not allege that Paragon did anything wrong. Rather, Plaintiff alleges that Defendant Healthcare Revenue Recovery Group, LLC ("HRRG") violated certain provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") by sending two letters to Plaintiff. The Complaint further asserts that Paragon is vicariously liable for some of HRRG's alleged conduct, but does not specify which conduct. Some of Plaintiff's claims appear to be time-barred. Others appear to be based on flawed legal reasoning or bizarre interpretations of the alleged collection letters. For these reasons, and as discussed in more detail below, the Complaint fails to state a claim for relief against Paragon

and must therefore be dismissed. Alternatively, Paragon is entitled to a more definite statement so that it can determine what it is being sued for.

## ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that HRRG sent two letters to Plaintiff, and in doing so, violated various provisions of the FDCPA and FCCPA. The letters are attached as Exhibits to the Complaint.[1] The first letter is dated November 7, 2018, and the second is dated November 26, 2018. (Compl. ¶¶ 12-13.)

Plaintiff alleges that in the first letter, dated November 7, 2018, HRRG threatened "accelerated collection activity" if Plaintiff did not "pay[] the balance at this time." (Compl. ¶ 19; see also Compl. ¶ 30.) However, the document attached as an Exhibit to the Complaint says no such thing. (DE 1-4.) The Exhibit states, in part: "We want you to avoid accelerated collection activities." (Id.) But nowhere does it say that Plaintiff must "pay the balance at this time" as expressly alleged in paragraph 19 of the Complaint.

Count I of the Complaint alleges that HRRG violated the FDCPA for essentially two reasons. First, Plaintiff alleges that HRRG did not provide the disclosures required by section 1692g of the FDCPA. (Compl. ¶ 18.) Second, Plaintiff alleges that HRRG violated sections 1692f, 1692e(2)(a), and 1692e(10) by stating "[w]e want you to avoid accelerated collection activities" in the November 7, 2018 letter. (Compl. ¶¶ 19-21.)

Count II of the Complaint alleges that HRRG violated the FCCPA for essentially the same reasons. Plaintiff alleges that HRRG violated section 559.72(9) of the FCCPA[2] by attempting to

---

[1] Technically, only the front-sides of the alleged letters are attached to the Complaint. Each letter expressly states: "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION" and "NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION." (DE 1-4 and 1-5.) However, the "reverse sides" are not attached.

[2] Section 559.72(9) states: "In collecting consumer debts, no person shall: … Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

collect a debt without providing the disclosures required by section 1692g of the FDCPA. (Compl. ¶ 29.) According to Plaintiff, "such disclosures are required for HRRG to maintain legal authority to collect the Consumer Debt." (Id.)

Plaintiff alleges that HRRG also violated section 559.72(9) of the FCCPA by "threat[ening] to accelerate the Consumer Debt and/or utilize accelerated collection activity if Plaintiff did not pay the full amount of the Consumer Debt." (Compl. ¶ 30.)

The Complaint does not allege affirmative collection activity on the part of Paragon. Rather, it appears that Plaintiff is attempting to hold Paragon vicariously liable for at least some of HRRG's alleged violations. However, it is somewhat unclear which Counts apply to Paragon as the "WHEREFORE" clause of each Count seeks judgment "against Defendant" without specifying whether Plaintiff is referring to HRRG, Paragon, or both. (Compl. ¶¶ 22; 31.)

## MOTION TO DISMISS

### I. STANDARD OF REVIEW

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 557. "A claim is plausible on its face when it permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." Kinsey v. MLH Financial Services, Inc., 509 Fed.Appx. 852, 853 (11th Cir. 2013). The "plausibility" standard requires

"more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 678-79.

As a general rule, a court must accept the plaintiff's allegations as true and evaluate all plausible inferences in favor of the plaintiff. "However, this rule does not apply to legal conclusions; courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Rivas v. Pollack and Rosen, P.A., 2019 WL 6468709, at *3 (S.D. Fla. Dec. 2, 2019) (quoting Twombly, 550 U.S. at 570)). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 682).

Similarly, courts need not accept as true allegations that are contradicted by documents attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Vallina v. Mansiana Ocean Residences LLC, 2011 WL 11674441, at *9 (S.D. Fla. June 17, 2011).

## II.  THE COMPLAINT MUST BE DISMISSED BECAUSE IT IS AN IMPROPER SHOTGUN PLEADING

The Complaint must be dismissed for several reasons. The first reason is because it constitutes an improper shotgun pleading.

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts…contain irrelevant factual allegations and legal conclusions." Wittbold v. Miami-Dade County, No. 11–21922–Civ, 2013 WL 3280039, at*5-6 (S.D. Fla. June 27, 2013) (Slip Copy); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

The Complaint in this case is a quintessential shotgun pleading. (See Compl. ¶¶ 17; 23.) Each Count incorporates all of the other Counts and allegations that precede it. The result is that the Counts (especially Count II) are replete with factual allegations, legal conclusions, and citations to legal authorities that are not relevant or specific to that Count.

For example, Count II is titled "Violation of the FCCPA," but as currently constituted, contains allegations and specific citations to legal authorities that may be relevant to the FDCPA claims alleged in Count I, but have no bearing on claims arising under the FCCPA. (See Compl. ¶¶ 17-23.) Plaintiff's attempt to lump together his FDCPA and FCCPA claims is unduly prejudicing Paragon's ability to mount a defense. The FDCPA and FCCPA are not identical. The violation of one does not automatically constitute a violation of the other. Beeders v. Gulf Coast Collection Bureau, Inc., 2010 WL 2696404, at *6 (M.D. Fla. July 6, 2010).

Plaintiff's shotgun Complaint disregards the requirements of Rules 8 and 10, and "is the type of complaint that [courts] have criticized time and again." Magluta, 256 F.3d at 1284 (internal citations omitted); see also David v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 979 (11th Cir. 2008); Lumley v. City of Dade City, 327 F.3d 1186, 1192 n. 13 (11th Cir. 2003); Wittbold, No. 11–21922–Civ, 2013 WL 3280039, at*5-6. Accordingly, the Complaint must be dismissed is because it is a shotgun pleading and therefore fails to state a valid claim for relief.

### III. THE COMPLAINT MUST ALSO BE DISMISSED TO THE EXTENT PLAINTIFF'S CLAIMS ARE CONTRADICTED BY HIS EXHIBIT

It is well settled that courts "need not accept as true allegations contradicting documents that are referenced in the complaint." Alamilla v. Hain Celestial Group, Inc., 30 F.Supp.3d 943 (N.D. Cal. 2014).

Plaintiff's claims are based in part on statements contained in the November 7, 2018 letter that is referenced in paragraph 12 of the Complaint and attached to the Complaint as Exhibit A.

5

(Compl. ¶¶ 12; 19-21; 30.) According to Plaintiff, this letter threatens accelerated collection activity if Plaintiff does not "pay[] the balance at this time." (Compl. ¶ 19.) However, as noted above, the document attached to the Complaint does not say what Plaintiff says it does. (Compare DE 1-4.) Contrary to Plaintiff's allegations, the letter does not say that Plaintiff must "pay the balance at this time" as expressly alleged in paragraph 19 of the Complaint. Accordingly, all of Plaintiff's claims that are based on the non-existent statement "pay the balance at this time" must be dismissed because Plaintiff's allegations are contradicted by the Exhibit attached to his Complaint.

## IV. COUNT I MUST BE DISMISSED BECAUSE PLAINTIFF'S FDCPA CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS AND BECAUSE PARAGON IS NOT A DEBT COLLECTOR

It is unclear whether Count I is seeking relief against Paragon given the "WHEREFORE" clause states "Defendant" without specifying which Defendant(s) Plaintiff is referring to. (Compl. ¶ 22.) To the extent Count I is attempting to hold Paragon vicariously liable under the FDCPA, such claims must be dismissed for two independent reasons: (1) Plaintiff's claims are barred by the statute of limitations; and (2) Paragon is not alleged to be (and is not) a "debt collector" as that term is defined by the FDCPA.

### a. PLAINTIFF'S FDCPA CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The FDCPA has a one-year statute of limitations. 15 U.S.C. § 1692k(d). Plaintiff's claims are based entirely on letters that were allegedly sent on November 7 and 26, 2018. (Compl. ¶¶ 12-13.) As such, the limitations period for Plaintiff's claims expired, at the latest, on November 27, 2019. E.g., 15 U.S.C. § 1692k(d); Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995); Rotkiske v. Klemm, 140 S. Ct. 355 (2019). Plaintiff did not initiate this lawsuit until December 9, 2019, well after the limitations had expired. (See DE 1.)

6

Because Plaintiff's FDCPA claims against HRRG are barred by the statute of limitations, any claims attempting to hold Paragon vicariously liable for such violations would also be barred and subject to dismissal.

### b. PARAGON IS NOT A "DEBT COLLECTOR" SUBJECT TO THE FDCPA

The FDCPA only applies to "debt collectors." See, e.g., Rivas v. Midland Funding LLC, 398 F.Supp.3d 1294, 1300 (S.D. Fla. 2019) ("To satisfy a claim under the FDCPA, a plaintiff must demonstrate that…the defendant is a debt collector under the FDCPA…"); Ali v. LH Alliance, Inc., 2019 WL 3997124, at *2-3 (S.D. Fla. Aug. 23, 2019).

Paragon is not a "debt collector" subject to the FDCPA, and the Complaint does not attempt to allege otherwise. As a result, Paragon is not subject to direct or indirect liability under the FDCPA as a matter of law. E.g., Devine v. Judge Law Firm, ALC, 2017 WL 3118 8777 (S.D. Cal. July 21, 2017) ("[T]he Court is persuaded by the weight of authority limiting FDCPA liability to entities that fit the statutory definition of 'debt collector.'"); Oei v N. Star Capital Acquisitions, LLC, 486 F.Supp.2d at 1089 (C.D. Cal. 2006) (vicarious liability under the FDCPA is restricted to principals who themselves are statutory "debt collectors").

Even if Plaintiff's FDCPA claims were not barred by the statute of limitations (which they are), Count I would still be subject to dismissal as to Paragon because Paragon is not a "debt collector" subject to the FDCPA. Accordingly, Count I must be dismissed to the extent it attempts to hold Paragon accountable under the FDCPA.

### V.     COUNT II MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

It is unclear whether Count II is seeking relief from HRRG, Paragon, or both given the "WHEREFORE" clause states "Defendant" without specifying which Defendant(s) Plaintiff is referring to. (Compl. ¶ 22.) To the extent Count II is attempting to hold Paragon vicariously liable

under section 559.72(9) of FCCPA, such claims are subject to dismissal for several independent reasons.

### a. HRRG DID NOT MISREPRESENT A LEGAL RIGHT

Among other things, "[a] claim under § 559.72(9) requires the misrepresentation of a 'legal right.'" Rivas v. Receivables Performance Management, LLC, 2009 WL 10666843, at *3 (S.D. Fla. Sept. 1, 2009); Fla. Stat. § 559.72(9) ("In collecting consumer debts, no person shall…. assert the existence of some…legal right…that the right does not exist"). Count II must therefore be dismissed because HRRG did not misrepresent a legal right.

#### i. COMPLIANCE WITH SECTION 1692g OF THE FDCPA IS NOT A CONDITION PRECEDENT TO COLLECTION "AUTHORITY"

Plaintiff alleges that HRRG violated section 559.72(9) of the FCCPA by attempting to collect the subject debt without first providing the disclosures required by section 1692g of the FDCPA. (Compl. ¶ 29.) According to Plaintiff, the 1692g disclosures were "required for HRRG to maintain legal authority to collect." (Id.)

Plaintiff's assertion is false. Compliance with the FDCPA is not a condition precedent to collection "authority." E.g., Pimentel v. Nationwide Credit, Inc., 2017 WL 5633310, at *5 (S.D. Fla. Nov. 13, 2017).

Pimentel is instructive. There, like here, the plaintiff alleged that the defendant failed to provide the disclosures required by section 1692g of the FDCPA, and further violated section 559.72(9) of the FCCPA "by seeking the collection of a consumer debt without the authority necessary to collect the debt." Id. at *2. However, the Court expressly rejected the plaintiff's argument "that violations of the FDCPA negate the right to collect a debt," and stated that "nothing in the FDCPA, or the FCCPA, negates the right to collect a debt because of a violation of the statute." Id.; see also Pollock v. Bay Area Credit Serv., LLC, 2009 WL 2475167, at *9 (S.D. Fla.

8

Aug. 12, 2009) ("The Court agrees that Plaintiff has conflated the FDCPA's [disclosure] requirements with the FCCPA's provisions, without demonstrating the basis for its legal theory").

Accordingly, Count II must be dismissed because HRRG did not misrepresent a legal right. Compliance with the FDCPA is not a condition precedent to maintaining "legal authority to collect." HRRG had the right to collect on the account regardless of whether it complied with the disclosure requirements of the FDCPA. And because no claim has been stated against HRRG under the FCCPA, no claim for vicarious liability has been stated against Paragon.

### ii. THE PHRASE "WE WANT YOU TO AVOID ACCELERATED COLLECTION ACTIVITIES" DOES NOT CONSTITUTE THE MISREPRESENTATION OF A LEGAL RIGHT

Plaintiff further alleges that the phrase "[w]e want you to avoid accelerated collection activities" contained in the November 7, 2018 letter constituted the assertion of a legal right that did not exist, in violation of section 559.72(9) of the FCCPA, because "the total amount allegedly outstanding was demanded by HRRG in the collection letter upon which HRRG threatened such 'accelerated collection activity.'" (Compl. ¶ 16.) Plaintiff asserts that the statement "accelerated collection activities" was "illegitimate because HRRG demanded Plaintiff pay the *entire* Consumer Debt to avoid 'acceleration.'" (Compl. ¶ 30, emphasis in Complaint.)

Plaintiff's theory of liability is not entirely clear. However, he appears to be misinterpreting the phrase "accelerated collection activities" to mean that HRRG may try to collect more than what is owed. To the extent that is what Plaintiff is trying to allege, his claim must be dismissed because the letter says no such thing.

Collection notices are generally viewed through the lens of the "least sophisticated consumer." However, the Eleventh Circuit has cautioned that the least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a

9

willingness to read a collection notice with some care." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010). The test also has an "objective component" that is designed to "prevent[] liability for bizarre or idiosyncratic interpretations of collections notices by preserving a quotient of reasonableness." Id.

Plaintiff's apparent interpretation of the November 7, 2018 letter is not reasonable. The term "accelerated collection activities" clearly refers to activities to collect the outstanding debt. It does not mean that HRRG will try to collect more than what is owed if payment is not made.

As noted above, "[a] claim under § 559.72(9) requires the misrepresentation of a 'legal right.'" Rivas, 2009 WL 10666843, at *3. The statement contained in the letter – "We want you to avoid accelerated collection activities" – does not misrepresent any legal right. Nothing in the FDCPA, FCCPA, or any other law, prohibits a debt collector from accelerating its collection efforts if payment is not made.

Plaintiff's assertion that the "total amount allegedly outstanding" was contained in the letter is irrelevant. (Compl. ¶ 16.) Even if the total balance was stated in the letter, that would not prohibit HRRG from accelerating its efforts to collect the total balance owed.

Accordingly, Count II must also be dismissed because the statement "[w]e want you to avoid accelerated collection activities" does not misrepresent any legal right. Nothing prohibits a debt collector from accelerating its collection efforts if payment is not made. Plaintiff's theory to the contrary appears to be based on bizarre and idiosyncratic interpretations of the November 7th letter, which are insufficient to support a claim as a matter of law. And because no claim has been stated against HRRG under the FCCPA, no claim for vicarious liability has been stated against Paragon.

### b. HRRG DID NOT MISREPRESENT A LEGAL RIGHT WITH "ACTUAL KNOWLEDGE" THAT SUCH RIGHT DID NOT EXIST

Even if Plaintiff has sufficiently alleged that HRRG misrepresented a legal right, that would not end the inquiry. Plaintiff must also allege that HRRG had "actual knowledge" that such right did not exist. E.g., Prescott v. Seterus, Inc., 684 Fed.Appx. 947, 949 (11th Cir. 2017) (The FCCPA "requires that a plaintiff establish that a creditor had actual knowledge that 'the debt is not legitimate' or that 'the right [creditor is seeking to enforce] does not exist.'"); Bently v. Bank of America, N.A., 773 F.Supp.2d 1367, 1372-73 (S.D. Fla. 2011) ("To establish a violation under section 559.72(9) of the FCCPA, 'it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist.'"); McCorriston v. L.W.T., Inc., 536 F.Supp.2d 1268, 1279 ("In contrast to the FDCPA, Plaintiff must prove, as part of the prima facie case alleging a violation of the FCCPA, that Defendants had *actual knowledge* that their claim of a right to enforce the debt was time-barred. Constructive knowledge is not sufficient.") (emphasis in original); Schauer v. Morse Operations, Inc., 5 So.3d 2, 6 (Fla. 4th DCA 2009) ("The statute does not provide for recovery if the creditor merely should have known the debt was not legitimate.").

Here, the Complaint does not allege actual knowledge on the part of HRRG, and therefore fails to state a claim for relief against HRRG under the FCCPA. See id.; see also Reese v. JPMorgan Chase & Co, 686 F.Supp.2d 1291, 1309-10 (S.D. Fla. 2009) ("To plead a FCCPA claim, a party must allege 'knowledge or intent by the debt collectors in order to state a cause of action.' Simply pleading that Defendant had knowledge is not enough.") (internal citations omitted).

Accordingly, Count II must also be dismissed because there are no allegations that HRRG misrepresented a legal right with "actual knowledge" that such right did not exist. And Paragon cannot be vicariously liable for claims that have not been sufficiently pled.

Based on the foregoing, all Counts alleged in the Complaint must be dismissed for failure to state a claim upon which relief may properly be granted against Paragon.

## **MOTION FOR MORE DEFINITE STATEMENT**
*(IN THE ALTERNATIVE)*

Alternatively, Paragon is entitled to a more definite statement of Plaintiff's claims pursuant to Rule 12(e). An order requiring a more definite statement is proper where, as here, the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Paragon is entitled to know exactly what it is being sued for and the factual basis supporting Plaintiff's claims. However, as described above, Plaintiff's shotgun style pleading has left Paragon with a Complaint that is so vague and ambiguous to the point that Paragon does not fully understand what it is being sued for and therefore cannot reasonably be expected to prepare a response. Plaintiff's failure to identify which "Defendant" is subject to which Count is particularly problematic. (See Compl. ¶¶ 22; 31.) As currently written, it is unclear from the Complaint whether Plaintiff is seeking to hold Paragon vicariously liable under the FDCPA, FCCPA, or both. See Bentley, 773 F.Supp.2d at 1374-75 (dismissing TCPA claim without prejudice "for improperly lumping together Defendants such that Defendants do not have fair notice of the precise nature of the violation that is claimed against them").

Should the Court decline to dismiss the Complaint, then Paragon is at a minimum entitled to an order requiring Plaintiff to set forth a more definite statement so that his complaint is not a shotgun style pleading and leaves no doubt as to which claims Paragon must defend.

WHEREFORE, Paragon respectfully requests that this Court enter an order granting this motion, dismissing the Complaint, or in the alternative, requiring Plaintiff to set forth a more

definite statement, awarding Paragon its reasonable attorney's fees and costs, and granting Paragon such other and further relief as the Court deems just and proper.

                */s / John P. Gaset*
                John P. Gaset, Esq.
                Florida Bar No. 98415
                **NELSON MULLINS BROAD AND CASSEL**
                100 North Tampa Street, Suite 3500
                Tampa, FL 33602
                Telephone: 813-225-3020
                Facsimile: 813-225-3039
                john.gaset@nelsonmullins.com
                jessica.lovins@nelsonmullins.com
                *Counsel for Defendant,*
                *Paragon Contracting Services, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 17, 2020, the foregoing document was electronically filed with the Clerk of Court using the ECF electronic filing system, which automatically serves all counsel of record.

                */s / John P. Gaset*
                John P. Gaset, Esq.
                Florida Bar No. 98415