UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-63015-JIC

CARL BRUN,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC, and PARAGON
CONTRACTING SERVICES LLC,

    Defendants.
_____/

**MOTION TO DISMISS *WITHOUT* PREJUDICE WITH RESPECT TO PLAINTIFF'S CLAIMS AGAINST DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP**

Plaintiff CARL BRUN ("Plaintiff"), by and through undersigned counsel, submit this Motion to Dismiss the above-captioned action *without* prejudice with respect to Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC, and in support thereof, states:

On December 09, 2019, Plaintiff commenced the above-captioned action against Defendant Healthcare Revenue Recovery Group, LLC ("HRRG") and Defendant Paragon Contracting Services, LLC ("Paragon"). As part of the operative Complaint [D.E. 14], Plaintiff claims Defendants HRRG, by and through a series of collection letters, violated the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

Subsequent to the commencement of this action, it came to Plaintiff's attention that a principal thrust of one of Plaintiff's FDCPA claims, *to wit*, that HRRG wrongfully causes the least sophisticated consumer to falsely believe that the Consumer Debt is subject to acceleration by claiming in the collection letter that it (HRRG) wants the consumer to "avoid accelerated collection activities," is a claim that is beyond the statute of limitations, as the above captioned action was

commenced more than one year after the date Plaintiff purportedly received the underlying collection letter. *See* Rotkiske v. Klemm*,* 140 S. Ct. 355 (2019) (on December 10, 2019, the United State Supreme Court found that, absent the application of an equitable doctrine, the statute of limitations for bringing a private civil action under the FDCPA begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered).[1] With that said, Plaintiff's FCCPA claims do not suffer from this defect, as the statute of limitations under the FCCPA is two years. *See* Fla. Stat. § 559.77(4) ("An action brought under this section must be commenced within 2 years after the date the alleged violation occurred").

Although Plaintiff could continue the litigation of the above captioned action with respect to Plaintiff's FCCPA claims, Plaintiff believes, in good faith, that the proper venue for Plaintiff's persisting claims is that of state court. In light of this conclusion, Plaintiff conferred with Defendant HRRG in this regard, and in so doing, informed Defendant HRRG that Plaintiff sought to dismiss the above captioned action *without* prejudice so to peruse Plaintiff's claims in a more appropriate venue, *i.e.*, state court. In response thereto, however, intent on keeping this action before this Court, Defendant HRRG filed its Answer [D.E. 16].

Given the infancy of the above-captioned action, as well as the fact that Defendant Paragon has been dismissed from this action *without prejudice*, Defendant HRRG will not suffer any undue prejudice from the dismissal of this action *without prejudice*. To the contrary, Plaintiff will suffer

---

[1] Prior thereto, it was Plaintiff's good-faith belief that the statute of limitations does not begun to run until the violation is *discovered*. In light of Rotkiske, however, it is now clear that the statute of limitations starts on or about when Plaintiff *received* the collection letter at issue. Although this date is consisted by the parties, to avoid potentially prejudicial impact, and the incurrence of attorneys' fees and costs associated with an FDCPA claim barred by the statute of limitations, Plaintiff seeks to dismiss this action with respect to Defendant HRRG *without* prejudice.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

undue prejudice if the above-captioned action is to persist, as Plaintiff's claims, as currently plead, leave Plaintiff hamstrung.

WHEREFORE Plaintiff CARL BRUN, respectfully, asks that this Court dismiss the above-captioned action *without prejudice* so that Plaintiff may properly develop the claims had under the FCCPA and to otherwise allow Plaintiff to pursue this action in the more appropriate venue of state court.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel represents that he conferred with counsel for Defendant HRRG regarding the relief sought herein; however, counsel for Defendant HRRG has provided no response.

DATED: February 18, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 18, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Respectfully Submitted,

 /s/ Thomas J. Patti                              .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

PAGE | **4** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com