UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.  0:19-cv-63015-JIC**

CARL BRUN,

        Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC and PARAGON
CONTRACTING SERVICES, LLC.

        Defendants.

_____/

## DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S, RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE [DE 20] WITH MEMORANDUM OF LAW

COMES NOW, the Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC (hereinafter "HRRG" or "Defendant"), by and through its undersigned counsel, and files this Response to Plaintiff's Motion to Dismiss without Prejudice [DE 20]  pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and in response thereof states the following:

### I.  INTRODUCTION

Plaintiff, Carl Brun, instituted the above-styled action alleging that Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., by asserting that certain collection correspondence sent to Plaintiff by Defendant is in violation of the Fair Debt Collection Practices Act ("FDCPA") and/or Florida's Consumer Collection Practices Act ("FCCPA"). Specifically, Mr. Brun alleged that HRRG violated Sections 1692g and Section 1692e of the FDCPA by failing to send a collection notification containing the required disclosure pursuant to Section 1692g while

1

also sending a collection communication that is deceptive and/or misleading by including the words "accelerated collection activities" in violation of Section 1692e.

Plaintiff's initial Complaint alleged, in part, that HRRG violated the FDCPA for failing to comply with Section 1692g despite clear indication that the letter received by the Plaintiff was clearly beyond the one (1) year statute of limitations. On or before October 2, 2018, Mr. Carl Brun was mailed a debt collection communication seeking payment for an outstanding medical debt obligation. (**See attached Ex. A-1**) The October 2, 2018 letter was mailed to Mr. Brun at 12213 Quilting Lane, Boca Raton, Florida 33428-4638. (**See attached Ex. A**) The October 2018 letter is defined as HRRG's "validation notification" and contains the 1692g disclosure. (**See attached Ex. A-1**) On November 7, 2018, HRRG mailed its second letter identified "2nd Follow Up Letter" sent to the same address as the October 2, 2018 letter. (**See DE 1-4**) The November 7, 2018 letter contains two disclosures in bold large print. The first disclosure states **"NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION"** and **"NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION"** On the reverse side of the November 7, 2018 letter, the following phrase is written: "This communication is from a debt collector." (**See Ex. B-3**)

On December 9, 2019, Plaintiff, by and through his undersigned counsel filed a Complaint for Damages seeking damages under the FDCPA and/or FCCPA based on allegations contained in content of the attached November 7, 2018 letter. (**DE 1-4**) On January 10, 2020, HRRG filed its Answer and Affirmative Defenses. [**DE 8**] On January 14, 2020, the undersigned counsel sent to Plaintiff's counsel correspondence informing counsel that the November 7, 2018 letter was NOT the first collection communication and, furthermore, provided counsel with the actual first notice for his review and consideration. (**Ex. 1**) The January 14, 2020 letter also pointed out that the

2

FDCPA claim based on the November 7, 2018 letter was clearly beyond the one-year statute of limitations and is therefore not actionable and should be dismissed.  (**Ex. 1**) On January 31, 2020, Plaintiff's counsel filed his First Amended Complaint seeking damages under the FDCPA and/or FCCPA.  (**See DE 14**) On February 3, 2020, the undersigned again sent draft correspondence to Plaintiff's counsel addressing the allegations contained in the First Amended Complaint.  (**Ex. B**) The February 3, 2020 correspondence again points out that Plaintiff and his counsel are in possession of the actual first letter dated October 2, 2018 which demonstrates compliance with Section 1692g, and furthermore,  that the letter is beyond the 1 year statute of limitations. (**Ex. B**) Moreover, The February 3, 2020 correspondence points out other legal and factual errors in the Complaint that Plaintiff's counsel knew or should have known from documents in their possession. (**Ex. B**)

## II.    LEGAL STANDARD

Under Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may unilaterally voluntarily dismiss an action only before the opposing party has served either an answer or a motion for summary judgment. *See Fed. R. Civ. P. 41(a)(1)*. However, after the defendant has answered or moved for summary judgment, a plaintiff seeking to voluntarily dismiss her complaint must obtain a court order, which the court may issue "on terms that the court considers proper." *See id. 41(a)(2)*. "Unless the order states otherwise, a dismissal under *[Rule 41(a)(2)]* is *without prejudice*." *Id.* "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015)* (quoting *McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986)*).

In most circuits, the district courts must apply some variation of a multi-factor test to

determine if voluntary dismissal under Rule 41(a)(2) should be permitted. *See* 9 Fed. Prac. & Proc. Civ. § 2364 (3d ed.), Westlaw (database updated April 2017). Unlike other circuits, however, "the Eleventh Circuit does not rely on a list of factors to examine when considering a Rule 41 motion." *Bradley v. MARTA, 2014 U.S. Dist. LEXIS 126194, 2014 WL 4449874, \*1 (N.D. Ga. 2014)*. Instead, in the Eleventh Circuit, a "district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Pontenberg v. Bos. Sci. Corp*., 252 F.3d 1253, 1256 (11th Cir. 2001) (quoting *McCants*, 781 F.2d at 857).

## III.     RESPONSE TO MOTION WITH REQUEST FOR MODIFICATION

HRRG asserts that it would have prevailed on its defenses of the FDCPA claim and therefore should be entitled to a dismissal with prejudice as to the FDCPA allegations.  It is clear from the pleadings and evidence presented that HRRG had complied with all of the provisions of the FDCPA in all respects, in addition to the clear evidence that the statute of limitations would have barred the FDCPA as a matter of law.  After the filing of HRRG's Answer and Affirmative Defenses, the undersigned counsel for HRRG sent plaintiff's counsel a dismissal demand letter which sought a withdrawal and dismissal of the claims against HRRG as alleged in the initial Complaint.  (**See attached Ex. A)** The January 14, 2020 correspondence stated the reasons for dismissal including the fact that the November 7, 2018 letter was actually the second letter and not the first letter as required by 1692.  (**See attached Ex. A)** A copy of the October 2, 2018 letter was also provided. (**See attached Ex. A-1)**  Further, The January 14, 2020 correspondence also referenced the *Rotkiske* opinion as an additional basis for dismissal. (**See attached Ex. A)**

Despite receipt of the January 14, 2020 correspondence with attachment, Plaintiff elected to file an Amended Complaint on January 31, 2020 **[DE 14]** which incorporated the same legal

arguments under the FDCPA and added claims under the FCCPA.  On February 3, 2020, the undersigned counsel again sent a dismissal demand letter (**See attached Ex. B**) and, after no action was taken, filed HRRG's Answer and Affirmative Defenses to Plaintiff's Amended Complaint on February 7, 2020. **[DE 16]** Following the expiration of the dismissal deadline, the undersigned counsel began drafting HRRG's Motion for Summary Judgment. Before completion and filing of the dispositive motion, Plaintiff's counsel filed its Motion to Dismiss without prejudice.[1]

Defendant seeks a dismissal **<u>with</u>** prejudice as to the FDCPA claims since it is clearly undisputed that Defendant is entitled to judgment as a matter of law based on the attached documents and as admitted by the Plaintiff's motion for dismissal without prejudice.  Defendant shall be prejudiced in the fact that it has expended unnecessary attorney's fees and costs associated the with defense of the entire case and may be entitled to attorney's fees and costs in the defense of this FDCPA action under 1692k.  To merely forego, its defense and fees incurred to defend both actions in federal court without the ability to prevail on the merits and seek reimbursement of costs and fees for the defense of the FDCPA action, was not agreeable to warrant an approval of a dismissal of all claims without prejudice.

WHEREFORE, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, seeks the court to enter an order of dismissal with prejudice as to the claims asserted under the FDCPA and issue an order of dismissal without prejudice as to the claims asserted under the FCCPA. The Defendant further requests to the court to reserve jurisdiction to consider attorney's fees and costs associated with the defense of the case pursuant to Section 1692k.

Dated this **3rd** day of **March, 2020.**

---

[1] The undersigned has great respect for the FDCPA experience of Plaintiff's counsel and generally matters are resolved without issue and handled professionally.  The Defendant challenges the request to dismiss without prejudice depriving the Defendant of the opportunity to prevail on the merits and seek compensation for the unnecessary fees that were incurred to defend obvious facts to support judgment in favor of the Defendant.

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **March 3, 2020**, via the Court Clerk's CM/ECF system which will provide notice to the following:  Jibrael S. Hindi, Esq. and Thomas J. Patti, Esq. of The Law Offices of Jibrael S. Hindi at jibrael@jibraellaw.com and tom@jibraellaw.com *(Attorneys for Plaintiff)* and John Philip Gaset of Dinsmore & Shohl at John.Gaset@Dinsmore.com *(Attorneys for Paragon Contracting Services LLC.).*

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire
Florida Bar No.: 0110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC*

# EXHIBIT A

**SHEPARD, SMITH, KOHLMYER & HAND, P.A.**
ATTORNEYS & COUNSELORS AT LAW
SHEPARDFIRM.COM

January 14, 2020

## SETTLEMENT COMMUNICATION
## PRIVILEGED & CONFIDENTIAL

**VIA ELECTRONIC DELIVERY**
Jibrael S. Hindi, Esq.
E-mail: jibrael@jibraellaw.com
Law Offices of Jibrael S. Hindi, PLLC
110 S.E. 6th Street, Suite 1700
Fort Lauderdale, Florida

> **Re:    *Brun, Carl v. HRRG, et al.***
> **Case No.: *0:19-cv-63015-JIC [S.D. Fla.]***

Dear Jibrael:

Thank you for your professional courtesy in granting my client, Healthcare Revenue Recovery Group ("HHRG") an extension of time to prepare and file its Answer and Affirmative Defenses last week in the above-referenced matter. After reviewing the account information in response to your client's allegations, I'd like to take this opportunity to provide you with my case assessment to continue the good faith effort to resolve this matter before the parties start to engage in further litigation and discovery in this case.

In gathering the documentation relating to this matter, my client has provided me with documentation that demonstrates that my client prepared and mailed your client its standard initial communication in compliance with Section 1692g under the FDCPA. Therefore, the allegations contained in Count 1 are not actionable as demonstrated by Exhibit 1 attached hereto. Therefore, the allegation contained in Paragraph 12 which indicates that the November 7, 2018 letter was the "First Letter" is not accurate. Actually, the attached letter dated October 2, 2018 is the "first" letter pursuant to the FDCPA. It appears that the mailing addresses are the same so that the receipt of the "second" letter in November would certainly support the delivery of the first letter in October.

Second, it is clear from the face of the Complaint that the allegations supporting the 1692e(2)(a) claim are also not actionable since the letter, irrespective of its content and statements, is outside of the FDCPA's one (1) year statute of limitations. The Complaint was docketed on December 9, 2019 while the letter is dated November 7, 2018. The United States Supreme Court has recently held that the FDCPA does not apply to the "Discovery Rule" that extends the statute's one (1) year statute of limitations. Therefore, although HRRG disagrees that its use of the phrase

Jibrael Hindi, Esq.
January 14, 2020
Page 2

*"accelerated collection activity"* is not a violation of the FDCPA, the claim is barred by the statute of limitations and is subject to dismissal.

Finally, the viability of Count II under Section 559.72(9) *Fla. Stat.* is contingent upon the viability of Section 1692g. Irrespective of the statute of limitations claim, the factual evidence supports that my client has complied with Section 1692g and thus it has not also violated the FCCPA. As you are aware, the Second District of Appeal opinion in *Read v. MFP, Inc.*, 85 So.2d 1151 (3d DCA 2012) held it discouraged the "boot-strapping" of FDCPA allegations into automatic FCCPA liability. *"In sum, to successfully assert a claim under the FCCPA, a plaintiff must allege a violation of a specific provision of the FCCPA—not a violation of the FDCPA."* However, the successful demonstration of compliance with the FDCPA surely requires dismissal of this FCCPA allegation as well.

**Good Faith Request for Dismissal**

Based on this case law and the previously provided documentation, my efforts are intended to professionally request that you dismiss the pending lawsuit against my client immediately. It is now clear, if it was not before, that the allegations against my client are unsubstantiated by both fact and law.

I have provided this good faith attempt in an effort to resolve this matter without further litigation. We would like to minimize any additional time and expense of refuting these claims and particularly, avoid the need to move for judgment relating to the allegations against my client. As our office maintains a very good working relationship with your office and we would like to resolve this matter for the minimum necessary fees and costs, I would request that you give thoughtful consideration to our position, based on the attached documentation, and the case law. As such, I respectfully request that you dismiss my client from this lawsuit within the next five (5) business days. If not, I will be required to move for summary judgment and also preserve our entitlement to reimbursement for our attorneys' fees and costs associated with the defense of this case.

I look forward to attempting to resolve this matter within the parameters and evidence and hope to bring this matter to an end prior to the further increase in litigation costs and expenses. Should you have any questions, please do not hesitate to contact me.

With regards,

Ernest H. Kohlmyer, III

EHK/sk

# EXHIBIT A-1

# EXHIBIT 1



Page 1 of 1

**MAIL RETURN ONLY**
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

**800-984-9115**
en Español 800-398-3975

October 02, 2018



HRRG ▲ ██████████████████████

**CARL J BRUN**
**12213 QUILTING LN**
**BOCA RATON FL 33428-4638**

Re: ███████ Validation Notification
hrrgcollections.com
PIN# ████████

Dear Carl J Brun:

The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below using the postage paid envelope. To pay using our automated IVR accessible 24 hours a day, call 855-pay-hrrg (855-729-4774) or visit our website at www.hrrgcollections.com. Both options require the PIN # listed above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from Healthcare Revenue Recovery Group, LLC; a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)**

✄                                           ✄

| Reference #: ████████ | Total Balance: ████████ | Amount Enclosed $_____ |
|---|---|---|

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|---|---|---|---|---|
| ████████ | ████████ | BRUN,CARL J | ████ | ████ |

PO BOX 5406
CINCINNATI OH 45273-7942

H1

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard, VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

## INSURANCE INFORMATION

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

Please Check Appropriate Box

**CREDIT CARD PAYMENT**   ☐ MasterCard   ☐ VISA   ☐ AMEX   ☐ DISCOVER

CARD NUMBER

EXP. DATE        PAYMENT AMOUNT

SIGNATURE        PHONE NUMBER

NAME AS IT APPEARS ON CARD - PLEASE PRINT

**EXHIBIT B**



**SHEPARD, SMITH, KOHLMYER & HAND, P.A.**
ATTORNEYS & COUNSELORS AT LAW
**SHEPARDFIRM.COM**

February 3, 2020

**SETTLEMENT COMMUNICATION**
**PRIVILEGED & CONFIDENTIAL**

**VIA ELECTRONIC DELIVERY**
Jibrael S. Hindi, Esq.
E-mail: *Jibrael@jibraellaw.com*
Thomas Patti, Esq.
Email: *Tom@ jibraellaw.com*
Law Offices of Jibrael S. Hindi, PLLC
110 S.E. 6th Street, Suite 1700
Fort Lauderdale, Florida

> **Re:    *Brun, Carl v. HRRG, et al.***
> ***Case No.: 0:19-cv-63015-JIC [S.D. Fla.]***
> ***Dismissal Demand for First Amended Complaint***

Dear Jibrael and Tom:

It was a pleasure speaking with you last Friday regarding the issues in the above-referenced case. As I mentioned, on January 14, 2020, I sent correspondence which detailed my client's case assessment in light of the allegations contained in the Complaint. This correspondence contained a copy of a collection letter dated October 2, 2018 which represents my client's initial debt collection correspondence pursuant Section 1692g of the federal Fair Debt Collection Practices Act. ("FDCPA").

**<u>Count I: Section 1692g(a)</u>**

Since you are in possession of the October 2, 2018 letter, the allegations contained in Count I are not actionable as demonstrated by Exhibit 1 attached hereto. Therefore, the allegations contained in Paragraph 18-22 which alleges violations of the FDCPA are not accurate and knowingly false.

First, your firm was in possession of the actual letter provided on November 14, 2020. Second, both of you were verbally informed of the actual first letter during my telephone conversation with each of you prior to the filing of the First Amended Complaint. Third, the November 7, 2020 letter clearly states that the letter is the "2nd Follow Up Letter" in the actual letter. Having been provided the information above prior to filing the First Amended Complaint, demonstrates that the allegations supporting Count I are not actionable and frivolous. HRRG requests again that Count I of the First Amended Complaint be withdrawn and dismissed with prejudice by Wednesday, February 5, 2020.

Jibrael Hindi, Esq.
Tom Patti, Esq.
February 3, 2020
Page 2

**Count II: Section 1692e**

Second, it is clear from the face of the First Amended Complaint that the allegations supporting the 1692e claim are also not actionable since the November 7, 2018 letter, irrespective of its content and statements, is outside of the FDCPA's one (1) year statute of limitations. The original Complaint was docketed on December 9, 2019 while the letter is dated November 7, 2018. The United States Supreme Court has recently held that the FDCPA does not apply to the "Discovery Rule" that extends the statute's one (1) year statute of limitations. Therefore, although HRRG disagrees that its use of the phrase *"accelerated collection activity"* is not a violation of the FDCPA, the claim is barred by the statute of limitations and is subject to dismissal. HRRG requests again that Count II of the First Amended Complaint be withdrawn and dismissed with prejudice by Wednesday, February 5, 2020.

**Count III: Section 559.72(9) Fla. Stat. (based on Count I allegations)**

Next, the First Amended Complaint alleges a violation of Florida's Consumer Collection Practices Act ("FCCPA"), namely, Section 559.72(9) *Fla. Stat.* In reading Count III, the FCCPA allegation is completely dependent upon a finding of liability under Count I. First, the evidence presented to your office demonstrates that the October 3, 2018 letter complies with the FDCPA's requirements under Section 1692g(a) and therefore, there can be no liability under the FCCPA. [See Paragraph 40 of First Amended Complaint] Second, Paragraph 41 alleges a violation of the FCCPA based on the phrase *"accelerated collection activity"* in the November 2018 letter. Although this letter is still within the two (2) year statute of limitations and the FCCPA, the allegation does not support a violation of Section 559.72(9) *Fla. Stat.* First, this FCCPA specially requires the demonstration of actual knowledge and thus such allegation will not support a claim for class certification. Next, the reading of the phrase is not an "acceleration" of the debt amount but an acceleration of the collection activity on the account. Given the fact that this letter was outside the 30-day validation period and no despite or challenge to the debt amount was made by your client, there is no legal or contractual prohibition against "accelerating" the collection activity on the account. As such, HRRG requests again that Count III of the First Amended Complaint be withdrawn and dismissed with prejudice by Wednesday, February 5, 2020.

**Count IV: Section 559.72(9) Fla. Stat. (based on Section 1692e(11)**

Finally, Count IV is alleged against HRRG for failing to contain the FDCPA's required disclosure *"This communication is from a debt collector"* on the November 7, 2018 letter. As stated against Count I, allegations are barred by the one-year statute of limitations under the FDCPA but not under the two-year limitation under the FCCPA. However, two problems exist in this Court. First, I have attached hereto the backside of the November 2018 letter that clearly contains the 1692e(11) disclosure. As I mentioned on Friday's call, I assumed that the language on the front that states **"NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION"** and **"NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION"** may have provided some guidance as to whether the disclosure was on the reverse side. Assuming in good faith that your client only provided the front side of the letter, a review of the reverse side should dispel any dispute as to whether HRRG complied with Section 1692e(11) and thus Section 559.72(9) *Fla. Stat.* as well.

My previous letter further pointed out that Florida's Second District of Appeal issued an opinion in *Read v. MFP, Inc.*, 85 So.2d 1151 (3d DCA 2012) held it discouraged the "boot-strapping" of FDCPA

Jibrael Hindi, Esq.
Tom Patti, Esq.
February 3, 2020
Page 3

allegations into automatic FCCPA liability. *"In sum, to successfully assert a claim under the FCCPA, a plaintiff must allege a violation of a specific provision of the FCCPA—not a violation of the FDCPA."* In *Read,* the precise issue was whether the failure to comply with Section 1692e(11), was an automatic violation of the FCCPA. The court found that it was not. However, the successful demonstration of compliance with the FDCPA surely requires dismissal of this FCCPA allegation as well. As such, HRRG requests again that Count IV of the First Amended Complaint be withdrawn and dismissed with prejudice by Wednesday, February 5, 2020.

**Good Faith Request for Dismissal**

Based on this case law and the previously provided documentation, my efforts are, again, intended to professionally request that you dismiss the pending lawsuit against my client immediately. It is now clear, if it was not before, that the allegations against my client are unsubstantiated by both fact and law. I have provided this good faith attempt in an effort to resolve this matter without further litigation. We would like to minimize any additional time and expense of refuting these claims and particularly, avoid the need to move for judgment relating to the allegations against my client. As our office maintains a very good working relationship with your office and we would like to resolve this matter for the minimum necessary fees and costs, I would request that you give thoughtful consideration to our position, based on the attached documentation, and the case law. As such, I respectfully request that you dismiss my client from this lawsuit within the two (2) business days. If not, I will be required to move for judgment on the pleadings and/or motion for summary judgment. If we proceed further, I am instructed by my client to preserve our entitlement to reimbursement for our attorneys' fees and costs associated with the defense of this case.

I look forward to attempting to resolve this matter within the parameters and evidence and hope to bring this matter to an end prior to the further increase in litigation costs and expenses. Should you have any questions, please do not hesitate to contact me.

With regards,

Ernest H. Kohlmyer, III

Enclosure

**EXHIBIT B-1**

# HRRG

**MAIL RETURN ONLY**
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

**800-984-9115**
en Español 800-398-3975

October 02, 2018



HRRG ▲██████████████████
CARL J BRUN
12213 QUILTING LN
BOCA RATON FL 33428-4838

Re:██████ Validation Notification
hrrgcollections.com
PIN#██████████

Dear Carl J Brun:

The Healthcare Creditor(s) shown below hired Healthcare Revenue Recovery Group (HRRG) to collect the balance due. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below using the postage paid envelope. To pay using our automated IVR accessible 24 hours a day, call 855-pay-hrrg (855-729-4774) or visit our website at www.hrrgcollections.com. Both options require the PIN # listed above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from Healthcare Revenue Recovery Group, LLC; a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)**

✂ ✂

| Reference #: ██████ | Total Balance: $ ██████ | Amount Enclosed $ _____ |

| Creditor | Account # | Regarding BRUN, CARL J | Amt Owed | ServDate |
|---|---|---|---|---|
| ██████ | ██████ | | ██████ | ██████ |

PO BOX 5406
CINCINNATI OH 45273-7942

H1

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard, VISA, American Express or Discover.  Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

## INSURANCE INFORMATION

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

---

Please Check Appropriate Box

**CREDIT CARD PAYMENT**   ☐ MasterCard  ☐ VISA  ☐  ☐ DISCOVER

CARD NUMBER

EXP. DATE                                    PAYMENT AMOUNT

SIGNATURE                                   PHONE NUMBER

NAME AS IT APPEARS ON CARD - PLEASE PRINT

# EXHIBIT B-2



Page 1 of 1

**MAIL RETURN ONLY**
PO BOX 8486 · CORAL SPRINGS FL 33075-8486

## 800-984-9115
en Español 800-398-3975

November 07, 2018



HRRG ▲ ███████████████████████

CARL J BRUN
12213 QUILTING LN
BOCA RATON FL 33428-4638

Re: ██████████ <u>2nd Follow Up Letter</u>
hrrgcollections.com

Dear Carl J Brun:                                                    PIN# ████████████

Some time ago, the health care provider(s) listed below, hired Healthcare Revenue Recovery Group, LLC (HRRG) to collect the balance shown below. Many patients do not realize that they will get separate bills from the facility and from the physician. This balance covered the charges for PHYSICIAN SERVICES.

Please call us toll free at 800-984-9115. At HRRG we strive to treat you kindly, and fairly. If you feel we have not achieved our goal, please let us know. (NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.)

We want you to avoid accelerated collection activities. Just fill in your credit card information on the reverse, or enclose your check/money order payable to the creditor listed, along with the payment voucher below. The reply envelope provided needs no postage. Unless specified, your payment will be applied to the oldest balance first. To pay without the need to speak to a live agent, try using our automated IVR accessible 24 hours a day by calling 855-PAY-HRRG (855-729-4774).

Best regards from,

Healthcare Revenue Recovery Group, LLC

**(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)**

✂                                                    ✂

| Reference #: ██████ | Total Balance: $ ██████ | Amount Enclosed $ _____ |
|---|---|---|

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|---|---|---|---|---|
| ████████████ | ████████████ | BRUN,CARL J | ██████ | ████████ |

PO BOX 5406
CINCINNATI OH 45273-7942
᠌᠌᠌ⅼⅷⅼⅷⅼⅷⅼⅷⅼⅷⅼⅷⅼⅷⅼⅷⅼⅷⅼⅷ

H3

**EXHIBIT B-3**

This is an attempt to collect a debt from a debt collection agency.
Any information obtained will be used for that purpose.

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard,VISA, American Express or Discover.  Check the appropriate box, print the cardholder's name as it
appears on the card, the card number, the expiration date, sign and return this portion of your statement.

## INSURANCE INFORMATION

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**Change of Address:**

Address: _____ Apt./Unit#: _____

City: _____ State: _____ Zip: _____

---

Please Check Appropriate Box

**CREDIT CARD PAYMENT**

CARD NUMBER

EXP. DATE                    PAYMENT AMOUNT

SIGNATURE                    PHONE NUMBER

NAME AS IT APPEARS ON CARD - PLEASE PRINT